# IN THE COURT OF APPEALS OF IOWA

No. 21-0126
Filed November 3, 2021

**A.R.,**
    Petitioner-Appellee,

**vs.**

**ELIJAH OCHOA,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Martha L. Mertz, Judge.

Elijah Ochoa appeals the district court's entry of a domestic-abuse protective order in favor of his minor stepson. **REVERSED AND REMANDED**.

Donna R. Miller of Miller, Zimmerman & Evans, PLC, Des Moines, for appellant.

A.R., Carlisle, self-represented appellee.

Considered by Bower, C.J. and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Elijah Ochoa is the stepfather of fifteen-year-old A.R. A.R., with help from his father, initiated this proceeding against his stepfather seeking relief from domestic abuse under Iowa Code chapter 236 (2020). The stepfather moved to dismiss the petition. He claimed the stepchild, as a minor, does not meet the definition of "family or household members" in Iowa Code section 236.2(4), so the stepchild cannot obtain a protective order under chapter 236. The district court denied the stepfather's motion and, after a hearing, granted a protective order against the stepfather in favor of the stepchild. The stepfather appeals.[1]

We review the district court's rulings on a motion to dismiss for correction of errors at law. *D.M.H. by Hefel v. Thompson*, 577 N.W.2d 643, 644 (Iowa 1998).

Chapter 236 of the Iowa Code governs issuance of domestic abuse protective orders. To grant a final protective order under chapter 236, the district court must find the defendant "engaged in domestic abuse." Iowa Code § 236.5(1). The statute defines domestic abuse as "committing assault as defined in section 708.1" under circumstances in which the parties meet certain relational requirements. *Id.* § 236.2(2). While there are several types of relationships meeting the statutory requirements, the relationship alleged here is "between family or household members who resided together at the time of the assault." *Id.* § 236.2(1)(a). "Family or household members" are "spouses, persons cohabitating, parents, or other persons related by consanguinity or affinity." *Id.*

---

[1] The stepchild did not file a brief.

§ 236.2(4)(a). However, the definition expressly excludes from its scope "children under age eighteen of persons listed" in the general definition. *Id.* § 236.2(4)(b).

To the district court, and now to us on appeal, the stepfather contends the definitional exclusion of "children under age eighteen" precludes the stepchild from being a "family or household member" and thus prevents the stepchild from seeking relief under chapter 236. The district court rejected the stepfather's contention, relying on three cases in doing so: *Thompson*, 577 N.W.2d 643; *Wegman ex rel. W.W. v. Wegman*, No. 12-1933, 2013 WL 4502311 (Iowa Ct. App. Aug. 21, 2013); and *Moreno v. State*, No. 02-2008, 2003 WL 22455536 (Iowa Ct. App. Oct. 29, 2003).[2] We agree with the district court that these and another case dictate the outcome, but we respectfully disagree with the court's ultimate conclusion.

*Thompson* provided a detailed discussion about the history of and amendments to the definition of "family or household members." 577 N.W.2d at 645–46. Ultimately, the supreme court held the amendments "extend no right of action to children under age eighteen who witness domestic abuse between family or household members" because minor children are expressly excluded from the definition of family and household members. *Id.* at 646.

As *Thompson* involved a situation in which minor children witnessed domestic abuse between adults but were not direct victims themselves, it did not

_____

[2] The district court, seemingly going by memory and acknowledging she may not be recalling the case name correctly, referred to the third case by a name closely approximating *Moreno*. Given the district court's near hit on the case name coupled with the court's description of the holding in the case, like the stepfather in his brief, we conclude the district court was referring to *Moreno*, 2003 WL 22455536.

answer the question whether a minor child who was the direct victim of an assault could meet the definition of "family or household member" and obtain a protective order under chapter 236. That question was answered by *P.M. ex rel. D.H. v. R.H.*, in which our court followed the holding in *Thompson* and held that a minor child could not obtain relief under chapter 236 because the child was "assaulted by a parent" and therefore did not fall within the definition of "family or household member." No. 03-2059, 2004 WL 1899919, at *2 (Iowa Ct. App. Aug. 26, 2004). The holding in *P.M.* was followed by our court under similar circumstances in *Wegman*. 2013 WL 4502311, at *1–2. In dismissing the child's claim in *Wegman*, our court noted the attempt to use chapter 236 on behalf of the minor child against a parent was "frivolous," but we declined the appellee's request to impose sanctions on appeal. *Id.*

As mentioned, the district court relied in part on *Moreno* in reaching its conclusion. *Moreno* adds a nuance to this area of the law by holding that a stepparent and stepchild are related by affinity and therefore could meet the definition of "family or household members" in section 232.2(4)(a) because that definition includes "persons related by consanguinity or affinity." 2003 WL 22455536, at *1. However, the stepchild in *Moreno* was an adult,[3] and therefore did not trigger the "under age eighteen" exclusion from the definition. That

---

[3] *Moreno* was a postconviction-relief proceeding in which the stepchild sought to avoid his conviction for domestic abuse assault perpetrated against his stepfather by arguing the two did not meet the definition of "family or household members" because they were not related. 2003 WL 22455536, at *1. Although the *Moreno* opinion does not expressly state that the stepchild was an adult, we surmise he was given the fact he was convicted of the crime and was seeking postconviction relief from the conviction.

exclusion is the key distinction driving the outcome in this case. With *Moreno*, the stepchild here is not precluded from seeking relief on the basis he is the alleged assailant's stepchild—because *Moreno* requires that the stepchild be treated the same as if he were the alleged assailant's biological child. *See id.* However, the stepchild remains precluded from seeking relief—no matter if he was the alleged assailant's biological child or stepchild—because of the definitional exclusion for children "under age eighteen," as explained in *Thompson*, *P.M.*, and *Wegman*.

The stepchild and stepfather do not meet the definition of "family or household members" because the stepchild was under eighteen years old when he alleges he was assaulted by his stepfather. Given that the "family or household members" theory for meeting the definition of domestic abuse was the only theory alleged, the failure to establish that relationship precludes a finding of domestic abuse under chapter 236. Therefore, the stepfather's motion to dismiss should have been granted.

We reverse the district court's order finding that domestic abuse occurred. We remand for cancellation of all protective orders issued in this case and dismissal of the stepchild's petition at the stepchild's cost. Pursuant to Iowa Rule of Appellate Procedure 6.1207, costs on appeal are taxed to the stepchild. We deny the stepfather's request for appellate attorney fees, as the stepfather cites no persuasive authority for such an award.

**REVERSED AND REMANDED**.